## INCONSISTENT THEORIES OF NEGLIGENCE.

Common Pleas Court of Franklin County.

### EDWIN J. BROOK v. COLUMBUS RAILWAY & LIGHT COMPANY.

Decided, November 26, 1912.

*Pleading—Disregard of Provision of Code as to Avoiding Repetition—Negligence and Inconsistent Averments with Reference Thereto.*

1. The disposition of pleaders to follow the common law method, and in an action for personal injuries allege every conceivable form of negligence possible under the circumstances of the case, is in direct contravention of the provision of the code which requires a statement of the facts without repetition.
2. Recapitulation of all the grounds of negligence contained in the body of the petition at the end thereof, is in violation of the Code forbidding repetition.
3. Where a specific charge of negligence is not coupled with any of the facts alleged in the general charge of negligence, but is inconsistent with the facts so alleged, it will be stricken from the petition.

*T. B. Bolton,* for plaintiff.
*Booth, Keating, Peters & Pomerene,* contra.

KINKEAD, J.

This matter is submitted on a motion for leave to file a motion to the third amended petition.

This action is for personal injury alleged to have been sustained by plaintiff while driving his vehicle along the highway, caused by the horse becoming frightened at the street car. The original petition was filed August 23, 1910. A motion to the petition was filed September 24, 1910, containing five grounds, which was overruled.

November 4, 1910, a demurrer to the original petition was filed, which was sustained because the facts stated did not bring the case within the rule of law which gives rise to a liability for injury to a driver of a horse along the highway and along the line of a street railway.

December 9, 1910, an amended petition was filed. December 24, 1910, an answer was filed by defendant to the petition. On March 5, 1912, a second amended petition was filed, to which a motion was filed on April 16, 1912, to strike out a city ordinance, which was sustained May 16, 1912. June 7, 1912, a third amended petition was filed, to which a demurrer was filed June 27, 1912, and overruled October 14, 1912.

In October the defendant filed a motion for leave to file a motion to the third amended petition. An entry was placed on the docket of the court allowing the motion to be filed, which was inadvertently done before the brief of counsel had been filed.

The question raised by the motion is a material one. The cause of action of plaintiff is founded upon two theories of negligence which are inconsistent.

The motion for leave to file motion seeks an order requiring plaintiff to strike out either the language found in paragraph two:

"Well knowing that plaintiff's horse was nervous and frightened because of the rapid and noisy approach of the same."

And the same language occurring in paragraph three on page three, or to strike out all of paragraph four on page three reading as follows:

"In failing to notice and observe that plaintiff's horse was nervous and frightened because of the rapid and noisy approach of the car."

It seems impossible that the injury could have occurred by the alleged negligence on the part of defendant by knowing that the horse was nervous and frightened, and with such knowledge when, as the petition alleges (page 2), the "car had approached within twenty feet of the said horse, when the motorman in charge of said car carelessly and negligently blew one sharp and distinct blast of the whistle of said car," and at the same time and as part of the transaction and as a cause of the injury, the motorman had failed to notice and observe that the plaintiff's horse was nervous and frightened because of the rapid and noisy approach of the car.

If there was negligence which caused the injury, it must have been that the motorman did see the danger to the plaintiff from the fright of his horse, or because he did not.

The theory upon which the demurrer to the third amended petition was overruled was that the alleged negligence of defendants consisted of the observance of the fright of the horse when the car was within twenty feet of the horse, at which time it is claimed the motorman negligently blew his whistle which increased the danger.

The vice of the pleading is that after plaintiff has alleged just how he claims the injury occurred, the pleader recapitulates or repeats the grounds of negligence which he claims in six specifications.

All of these so-called grounds of negligence are repetitions and recapitulations except No. 4, which is, "In failing to notice or observe that plaintiff's horse was frightened and nervous because of the rapid and noisy approach of said car."

This specification of negligence is not coupled with any fact, is a general allegation of negligence which is entirely inconsistent with the facts alleged.

It might well be passed over without notice at this time perhaps, and taken care of by the court at the trial. Counsel on the other hand may contend that they have the right to know what they are to meet, which is true.

The petition, so far as the specifications of grounds of negligence by way of a recapitulation after the facts are stated, resembles too much the common law method still pursued in one of our neighboring states, which is to allege every conceivable ground of negligence that can be imagined to have been committed under the circumstances of the case.

In fact this form of preparation of petition, which is becoming so common in this class of cases, is in direct contravention of the code, which requires the facts to be stated *without repetition*. All of the specifications excepting four are repetitions and are improper.

In response to the argument made by counsel for plaintiff that this case has been delayed so much by the motions and de-

murrers, the court will not take any action now that will cause further delay.

In a very excellent opinion by Dempsey, J., in *Rabenstein* v. *Cottage Organ Co.*, 8 N. P., 315, it is stated:

"As to the point made that defendants are now barred of this motion because of the interposition of the demurrer first, and a ruling of the court thereon, it may be said that such a rule is not inflexible. The object of such a rule is protection to the court and to litigants from the interposition of dilatory pleas filed for *the delay* only. The rule was never intended to deprive the court of the power to protect itself from being overwhelmed in a maze of irrelevant and useless averment and allegation, and it has always been my understanding that the power is inherent in the court, for the expedition of its own business and the reduction to singleness and certainty of the issues to be tried, of its own motion, to order irrelevant, or redundant or superfluous matter to be stricken out of a pleading."

And "where a pleading contains inconsistent averments, the pleader will be required to reform." *Edwards* v. *Daller,* 8 N. P., 73.

The objectional matter, viz., the additional matter by way of repetition of the specification of acts of alleged negligence, were not put in the pleading until the third amended petition was filed.

While I am of the opinion that the addition of all the six specifications of alleged negligence are improper as stated, no order will be made in respect to any of them but one.

The order is that the motion for leave to file a motion is overruled. The court of its own motion orders that specification No. 4 be stricken out of the petition. Leave is granted to plaintiff to amend his pleading at bar by drawing a line through the objectionable matter.